# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1979V
### UNPUBLISHED

| | |
|---|---|
| LINDA M. GABOR, as Administrator of the Estate of Dale J. Gabor, deceased,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: January 20, 2023<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Richard C. Alkire, Sr.*, Buckley King, Cleveland, OH, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On October 7, 2021, Dale Gabor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Mr. Gabor alleged that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine that was administered to him on October 3, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. Mr. Gabor died on October 28, 2021 and his wife, Linda Gabor ("Petitioner"), was substituted as petitioner on June 16, 2022. *See* ECF Nos. 12, 18.

On January 19, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1. Specifically, Respondent agrees that Petitioner has satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation. *Id.* at 5. Respondent further agrees that "the case was timely filed, that Mr. Gabor received his vaccination in the United States, that his death from GBS satisfies the statutory severity requirement, and there is also no evidence of a factor unrelated that is a more likely cause of his injuries and death." *Id.* at 5-6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**  
Brian H. Corcoran  
Chief Special Master