# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1979V
UNPUBLISHED

| | |
|---|---|
| LINDA M. GABOR, as Administrator of the Estate of Dale J. Gabor, deceased,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 27, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Richard C. Alkire, Sr.*, Buckley King, Cleveland, OH, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 7, 2021, Dale Gabor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Mr. Gabor alleged that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine that was administered to him on October 3, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 20, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On February 27, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $537,237.25 for all damages (including $250,000.00 for pain and suffering, $250,000.00 for the death benefit,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and $37,237.25 for unreimbursable medical expenses). Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $537,237.25 (comprised of $250,000.00 for pain and suffering, $250,000.00 for the death benefit, and $37,237.25 for unreimbursable medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| LINDA M. GABOR, as Administrator of the Estate of DALE J. GABOR, deceased, | |
| Petitioner, | |
| v. | No. 21-1979V<br>Chief Special Master Brian H. Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.      Procedural History**

On October 7, 2021, Dale Gabor filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. Mr. Gabor alleged that, as a result of receiving the influenza vaccine on October 3, 2020, he suffered from Guillain-Barre Syndrome (GBS). *See* Petition. Mr. Gabor died on October 28, 2021, and his wife, Linda Gabor ("petitioner"), was substituted as petitioner on June 16, 2022. On January 19, 2023, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe, and that Mr. Gabor's death from GBS satisfied the severity requirement. On January 20, 2023, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## II.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$537,237.25,** for all damages, including $250,000.00 representative of pain and suffering; $250,000.00 for the death benefit; and $37,237.25 representative of unreimbursable medical expenses.  This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a) regarding Dale Gabor's October 3, 2020, flu vaccination.  Petitioner agrees.

## III.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$537,237.25** in the form of a check payable to petitioner.  Petitioner agrees.

Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Dale Gabor's estate under the laws of the State of Ohio.  No payments pursuant to this Proffer shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. Gabor's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Dale Gabor at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Dale Gabor upon submission of written documentation of such appointment to the Secretary.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ MADELYN E. WEEKS
MADELYN E. WEEKS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-3262
madelyn.e.weeks@usdoj.gov

Dated: February 27, 2023